NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHECKPOINT SYSTEMS, INC.,**
*Plaintiff-Appellant,*

v.

**ALL-TAG SECURITY S.A.,**
*Defendant-Appellee,*

AND

**ALL-TAG SECURITY AMERICAS, INC., AND SENSORMATIC ELECTRONICS CORPORATION,**
*Defendants-Appellees,*

AND

**KOBE PROPERTIES SARL,**
*Defendant-Appellee.*

---

2012-1085

---

Appeal from the United States District Court for the Eastern District of Pennsylvania in No. 01-CV-2223, Judge Petrese B. Tucker.

---

Decided: September 4, 2014

---

ROBERT J. PALMERSHEIM, Schopf & Weiss, LLP, of Chicago, Illinois, for plaintiff-appellant. With him on the motion were LESLEY G. SMITH; and DENNIS R. SUPLEE and THOMAS W. HAZLETT of Schnader Harrison Segal & Lewis, LLP, of Philadelphia, Pennsylvania.

THEODORE A. BREINER, Breiner & Breiner, L.L.C., of Alexandria, Virginia, for Kobe Properties SARL. With him on the motion were TRACY ZURZOLO QUINN, Reed Smith, LLP, of Philadelphia, Pennsylvania; M. KELLY TILLERY, ERIK N. VIDELOCK, and CHARLES S. MARION, Pepper Hamilton LLP, of Philadelphia, Pennsylvania, for Sensormatic Electronics Corporation.

---

Before NEWMAN, LOURIE, and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

Checkpoint Systems, Inc. ("Checkpoint") filed suit against All-Tag Security S.A., All-Tag Security Americas, Inc., Sensormatic Electronics Corp., and Kobe Properties SARL[1] (collectively, "All-Tag") in 2001 for infringement of U.S. Patent No. 4,876,555 ("the '555 patent"). After a jury verdict of noninfringement, invalidity, and unenforceability, the district court entered judgment on the verdict, found the case "exceptional" under 35 U.S.C. § 285, and awarded the defendants approximately $6.6 million in attorney fees, costs, and interest. On appeal of the award for fees, we reversed, applying the legal standard in force

---

[1]    Kobe Properties SARL became a party in September 2013, after All-Tag Security S.A. entered bankruptcy in Belgium and assigned Kobe the right to receive any attorney fees recovered in the litigation. *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, No. 12-1085, ECF No. 70 (Fed. Cir. Sept. 30, 2013) (order); ECF Nos. 61–63 (Fed. Cir. June 20, 2013) (motions to substitute party).

at the time and concluding that the litigation had not been shown to be objectively baseless or otherwise brought in bad faith. *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 711 F.3d 1341, 1348 (Fed. Cir. 2013), *vacated sub nom.*, *Kobe Props. SARL v. Checkpoint Sys., Inc.*, 134 S. Ct. 2134 (2014). All-Tag then filed a petition for a writ of certiorari, seeking review of our attorney fees decision.

While this petition was pending, in a pair of decisions, the Supreme Court set aside our prior precedent under § 285. *See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). In those cases, the Court (i) rejected our precedent under § 285 that required both a showing of subjective bad faith and objective baselessness to find a case exceptional, (ii) lowered the burden of proof for proving a case exceptional, and (iii) changed the standard of review on appeal. *Octane Fitness*, 134 S. Ct. at 1755–58; *Highmark*, 134 S. Ct. at 1749. Subsequently, the Court granted All-Tag's petition for a writ of certiorari on this issue and remanded the case to us for further consideration.

In *Octane Fitness*, the Supreme Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. The Court also explained that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Finally, the Court lowered the evidentiary burden of proving entitlement to fees, holding that entitlement need not be shown by clear and convincing evidence. *Id.* at 1758. In *Highmark*, the Court concluded that, on appeal, a district court's § 285 determination should be reviewed for an abuse of discretion. *Highmark*, 134 S. Ct. at 1749.

In order to apply the Supreme Court's guidance from *Highmark* and *Octane Fitness* to the facts of this case, we vacate the district court's decision on this issue, and remand for further consideration of whether the case should be deemed exceptional under 35 U.S.C. § 285, on consideration of the totality of the circumstances. In making its decision, the district court should consider the guidance from our prior opinion in which we explained that tests or experiments on the actual accused products are not always necessary to prove infringement. *Checkpoint*, 711 F.3d at 1346–48. In some instances, circumstantial evidence alone may suffice. *See, e.g.*, *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1372 (Fed. Cir. 2009) ("A patentee may prove infringement by 'any method of analysis that is probative of the fact of infringement,' and circumstantial evidence may be sufficient." (internal citations omitted)); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006) ("A patentee may prove direct infringement or inducement of infringement by either direct or circumstantial evidence.").

We vacate the district court's ruling on the award of attorney fees, and remand for redetermination of the attorney fees issue on application of the standards established by the Supreme Court in *Highmark* and *Octane Fitness*.

**VACATED AND REMANDED**