NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**HONEYWELL INTERNATIONAL INC., HONEYWELL INTELLECTUAL PROPERTIES INC.,**
*Plaintiffs-Appellees*

**v.**

**NOKIA CORPORATION, NOKIA, INC., SEIKO EPSON CORPORATION, ARGUS, TOSHIBA AMERICA, INC., ALL AROUND CO. LTD., BOE-HYDIS TECHNOLOGY CO. LTD., PICVUE ELECTRONICS LIMITED,**
*Defendants*

**v.**

**FUJIFILM CORPORATION, FUJIFILM NORTH AMERICA CORPORATION (FORMERLY KNOWN AS FUJIFILM U.S.A., INC.),**
*Defendants-Appellants*

**SAMSUNG SDI CO. LTD., SAMSUNG SDI AMERICA INC.,**
*Defendants-Appellants*

———————————

2012-1373, 2012-1374

———————————

Appeals from the United States District Court for the District of Delaware in Nos. 04-CV-1337, 04-CV-1338, 04-CV-1536, 05-CV-0874, Chief Judge Leonard P. Stark.

———————————

Decided:  September 11, 2015

———————————

MARTIN RICHARD LUECK, Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, argued for plaintiffs-appellees. Also represented by MATTHEW L. WOODS, STACIE ELIZABETH OBERTS, PETER N. SURDO.

MATTHEW SIEGAL, Stroock & Stroock & Lavan LLP, New York, NY, argued for defendants-appellants Fujifilm Corporation, Fujifilm North America Corporation. Also represented by IAN DIBERNARDO, LAWRENCE ROSENTHAL.

STEPHEN S. KORNICZKY, Sheppard, Mullin, Richter & Hampton LLP, San Diego, CA, argued for defendants-appellants Samsung SDI Co. Ltd., Samsung SDI America Inc. Also represented by MICHAEL MURPHY, MARTIN BADER; EDWARD V. ANDERSON, Palo Alto, CA.

———————————

Before PROST, *Chief Judge,* NEWMAN and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") filed suit against numerous defendants in October 2004 for infringement of U.S. Patent No. 5,280,371 ("'371 patent"). On summary judgment, Judge Farnan, of the United States District Court for the District of Delaware ruled from the bench that the '371 patent was invalid for violation of the on-sale bar. *Honeywell Int'l Inc. v. Nikon Corp.*, 672 F. Supp. 2d 638, 640 (D. Del. 2009). This court affirmed Judge

Farnan's decision per curiam in February 2011. *Honeywell Int'l, Inc. v. Nokia Corp.*, 400 F. App'x 557 (Fed. Cir. 2010). After this court affirmed Judge Farnan's decision, the defendants filed Fees Motions under 35 U.S.C. § 285. On March 30, 2012, Judge Stark denied defendants' Fees Motions. *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041 (D. Del. May 30, 2014) (public version). The defendants each timely filed a Notice of Appeal.

During the pendency of this appeal, in a pair of decisions, the Supreme Court set aside our prior precedent under § 285. *See Highmark Inc. v. Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744 (2014); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). "In those cases, the Court (i) rejected our precedent under § 285 that required both a showing of subjective bad faith and objective baselessness to find a case exceptional, (ii) lowered the burden of proof for proving a case exceptional, and (iii) changed the standard of review on appeal." *Checkpoint Sys. v. All-Tag Sec. S.A.*, 572 F. App'x 988, 989 (Fed. Cir. 2014).

As the district court applied our prior precedent under § 285, we vacate the district court's decision on this issue and remand for further consideration of whether the case should be deemed exceptional under 35 U.S.C. § 285, in light of the Supreme Court's guidance from *Highmark* and *Octane Fitness*.

**VACATED AND REMANDED**

COSTS

Each party shall bear its own costs.