# United States Court of Appeals for the Federal Circuit

---

**CHECKPOINT SYSTEMS, INC.,**
*Plaintiff-Appellant*

**v.**

**ALL-TAG SECURITY S.A., ALL-TAG SECURITY AMERICAS, INC., SENSORMATIC ELECTRONICS CORPORATION, KOBE PROPERTIES SARL,**
*Defendants-Appellees*

---

2016-1397

---

Appeal from the United States District Court for the Eastern District of Pennsylvania in No. 2:01-cv-02223-PBT, Judge Petrese B. Tucker.

---

Decided: June 5, 2017

---

ROBERT J. PALMERSHEIM, Honigman Miller Schwartz and Cohn LLP, Chicago, IL, argued for plaintiff-appellant. Also represented by ANAND C. MATHEW; DENNIS R. SUPLEE, NANCY WINKELMAN, Schnader, Harrison, Segal & Lewis LLP, Philadelphia, PA.

M. KELLY TILLERY, Pepper Hamilton LLP, Philadelphia, PA, argued for all defendants-appellees. Defendant-appellee Sensormatic Electronics Corporation also represented by CHARLES S. MARION, ERIK N. VIDELOCK.

THEODORE A. BREINER, Breiner & Breiner, Alexandria, VA, for defendants-appellees All-Tag Security S.A., All-Tag Security Americas, Inc., Kobe Properties SARL. Also represented by TRACY ZURZOLO QUINN, Reed Smith LLP, Philadelphia, PA.

───────────────

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

This is the second attorney fee appeal arising from a patent infringement suit brought by Checkpoint Systems, Inc. ("Checkpoint") against All–Tag Security S.A., All–Tag Security Americas, Inc., Sensormatic Electronics Corp., and Kobe Properties SARL (collectively, "All–Tag"). The district court deemed the case "exceptional" and awarded attorney fees to All–Tag.[1] We conclude that the court erred in its application of fee-shifting principles; the award is *reversed*.

## BACKGROUND

U.S. Patent No. 4,876,555 ("the '555 patent") relates to improved anti-theft tags that are attached to merchandise, and deactivated when the goods are purchased. The accused tags are manufactured in Europe, and imported into the United States. Checkpoint brought an infringement suit in the Eastern District of Pennsylvania. Trial was to a jury, who found the '555 patent not infringed, invalid, and unenforceable. Following the verdict, the district court found the case to be "exceptional" under 35

───────────────

[1]  *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 2015 WL 4941793 (E.D. Pa. Aug. 19, 2015) ("Dist. Ct. Op.").

U.S.C. § 285, and awarded the defendants approximately $6.6 million in attorney fees, costs, and interest. The district court stated that the case was "exceptional" because Checkpoint's expert witness based his infringement opinion on examination of imported tags that were manufactured by All–Tag in Switzerland, although the accused tags were manufactured by All–Tag in Belgium. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, No. 01-CV-2223, 2011 WL 5237573, at *1 n.1 (E.D. Pa. Nov. 2, 2011) ("Dr. Zahn's factual assumptions were derived from his review of All–Tag's patents, rather than its actual accused products. . . . The evidence established that Checkpoint never looked at the accused products in relation to the '555 patent. This alone warrants an exceptional case finding.") (internal citations omitted)).

On appeal to us, Checkpoint pointed to evidence in the record explaining that the tags from Belgium were manufactured on the same machines that All–Tag transferred from Switzerland to Belgium. There was no contrary evidence. We affirmed the judgment entered on the jury verdict, but reversed the attorney fee award, holding that "[t]he infringement charge was not shown to have been made in bad faith or objectively baseless." *Checkpoint Sys., Inc. v. All–Tag Security S.A.*, 711 F.3d 1341, 1348 (Fed. Cir. 2013).

All-Tag sought certiorari, which was granted, with the opinion vacated, and remanded to this court, *Kobe Properties SARL v. Checkpoint Sys., Inc.*, 134 S. Ct. 2134 (2014), in conjunction with the Supreme Court's decisions on fee-shifting in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014).

On remand from the Supreme Court, we remanded to the district court for further consideration of the attorney fee award in light of the Court's decisions. *Checkpoint Sys., Inc. v. All–Tag Security S.A.*, 572 F. App'x 988 (Fed.

Cir. 2014). In the remand order, we instructed the district court to "consider the guidance from our prior opinion in which we explained that tests or experiments on the actual accused products are not always necessary to prove infringement." *Id.* at 989.

The district court again held the case to be exceptional, citing the same ground, *viz.,* that Checkpoint's pre-suit investigation was inadequate because Checkpoint's expert inspected tags produced in Switzerland rather than in Belgium. Dist. Ct. Op. at *4. The district court also found Checkpoint's pre-suit investigation, based on an European infringement verdict against All–Tag on a counterpart of the '555 patent and two infringement opinions from counsel, to be inadequate because the infringement opinions "were given years before filing." *Id.* Finally, the district court cited Checkpoint's "improper motivation" behind the lawsuit, because Checkpoint brought suit "to interfere improperly with Defendants' business and to protect its own competitive advantage." *Id.* at *3.

Checkpoint appeals, arguing that its expert proceeded reasonably in light of the available information, for it was never disputed that the tags tested by the expert were produced on the same machines that were transferred to Belgium. Checkpoint states that it had a reasonable, good faith basis for bringing this infringement action, and that application of the Court's rulings in *Octane Fitness* and in *Highmark* do not support the award of attorney fees.

## DISCUSSION

Section 285 of the Patent Act provides for the award of attorney fees in "exceptional cases." In *Octane Fitness* the Court explained that fee awards are for "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." 134 S. Ct. at 1757. The Court explained that the standard applied by

the Federal Circuit had been too rigorous, and that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756.

On appeal, all aspects of a district court's § 285 determination are reviewed for an abuse of discretion. *Highmark*, 134 S. Ct. at 1749. A district court abuses its discretion when "it base[s] its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id*. at 1748 n.2 (internal citations omitted). Here, we find error in the district court's legal analysis and assessment of the record evidence.

Checkpoint states that its litigating position was of objectively reasonable strength as to law and fact, despite the error as to which sample tag was provided to its expert for analysis. The manufacture of that tag in Switzerland rather than in Belgium was made known by All-Tag before trial, and All–Tag attempted to exclude Checkpoint's expert's testimony pre-trial and moved for judgment as a matter of law post-trial. The district court denied both motions.

Although the jury found against Checkpoint, the district court denied JMOL, and we affirmed, the district court agreed that Checkpoint's claims were not frivolous. The district court nonetheless found the case to be exceptional, explaining:

> Frivolousness is not required to find exceptionality under Section 285. *See Octane Fitness, LLC*, 134 S. Ct. at 1756 n.6 (listing "frivolousness" as only one of several "nonexclusive . . . factors" to be considered in the totality of the circumstances). Certainly, Checkpoint may rely on this Court's denial of Defendants' *Daubert* and JMOL motions

to indicate the reasonableness of its claims, but doing so is not dispositive.

Dist. Ct. Op. at *5. The aspects that the district court stated were dispositive were Checkpoint's motivation in bringing the lawsuit, inadequate pre-suit investigation, and the failure of Checkpoint's expert to inspect the correct accused product.

The district court stated that Checkpoint brought suit for an improper purpose, that is, to "interfere improperly" with All-Tag's business and "to protect its own competitive advantage." Dist. Ct. Op. at *3. The district court cited Checkpoint's lawsuits against other asserted infringers, its market share, and its acquisition of competing producers as showing the improper motive of "protect[ing] its own competitive advantage." *Id.* However, the patent law provides the statutory right to exclude those that infringe a patented invention. Enforcement of this right is not an "exceptional case" under the patent law.

All-Tag argues that it was appropriate to consider Checkpoint's competitive motivation because the Supreme Court mentioned "motivation" as a factor to be considered. *Octane Fitness*, 134 S. Ct. at 1756 n.6 (instructing that when evaluating the totality of the circumstances "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" (internal citations omitted)). Indeed, "motivation" to harass or burden an opponent may be relevant to an "exceptional case" finding. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's

claims, is relevant to a district court's exceptional case determination under § 285."). However, motivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement is not an improper motive. A patentee's assertion of reasonable claims of infringement is the mechanism whereby patent systems provide an innovation incentive.

Here, no such harassment or abuse is shown. In *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010), this court explained that there is a "presumption that an assertion of infringement of a duly granted patent is made in good faith." Checkpoint states that it had obtained two infringement opinions from counsel and previously obtained judgments against All-Tag for infringement of the Swiss counterpart of the '555 patent.

Further, Checkpoint points to the district court's finding that Checkpoint had sufficient evidence of infringement to survive summary judgment motions and a *Daubert* challenge, and to proceed to a jury trial. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 875 (Fed. Cir. 2010) ("[T]he district court's denial of summary judgment of noninfringement reflects the belief that it was reasonable for ResQNet to have retained that patent for suit."). "Absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment and JMOL . . . as an indication that the party's claims were objectively reasonable and suitable for resolution at trial." *Medtronic Navigation*, 603 F.3d at 954.

The district court also found the expert's failure to test an accused product supported the exceptional case finding and fee award. Dist. Ct. Op. at *4. In light of the guidance in the remand order, the district court "clarified" its earlier finding on this point. *Id.* The district court found Checkpoint's expert's reliance on two of All–Tag's manufacturing process patents, the '466 and '343 patents,

as evidence of infringement "insufficient," stating "there was evidence that All–Tag's manufacturing processes were not the same as those disclosed in the '466 and '343 patents, making comparisons of the patents, instead of the actual products, insufficient." *Id.*

There was no representation by All–Tag that the accused products were different from the tested products, and the district court did not so find. There was no allegation of falsity or fraud or bad faith on the part of Checkpoint or its expert. Further, All–Tag's witness testified that the All–Tag patents explained how All–Tag manufactured its resonance tags, agreeing with counsel that to understand the process by which the accused tags were produced, it was "enough to just read the patent," and providing no additional details. *See Checkpoint Sys., Inc.*, 711 F.3d at 1347 (citing trial testimony). This aspect does not support the "exceptional case" ruling against Checkpoint.

## CONCLUSION

The Court has cautioned that fee awards are not to be used "as a penalty for failure to win a patent infringement suit." *Octane Fitness*, 134 S.Ct. at 1753 (quoting *Park–In–Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). The legislative purpose behind § 285 is to prevent a party from suffering a "gross injustice": "The exercise of discretion in favor of [awarding attorney fees] should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees." S. Rep. No. 1503, 79th Cong., 2d Sess. (1946) (addressing the § 70 precursor to § 285); *see also Octane Fitness*, 134 S. Ct. at 1753 ("The provision enabled [district courts] to address 'unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force,' which

made a case so unusual as to warrant fee-shifting." (quoting *Park–In–Theatres*, 190 F.2d at 142)).

We conclude that the district court erred, and thus abused its discretion, in its assessment of "exceptional case," for the record shows that the charge of infringement was reasonable and the litigation was not brought in bad faith or with abusive tactics. The award of attorney fees under 25 U.S.C. § 285 is reversed.

REVERSED