NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HONEYWELL INTERNATIONAL INC.,**
*Plaintiff-Appellee*

**HONEYWELL INTELLECTUAL PROPERTIES, INC.,**
*Plaintiff*

**v.**

**FUJIFILM CORPORATION, FUJIFILM USA, SAMSUNG SDI AMERICA INC., SAMSUNG SDI CO LTD.,**
*Defendants-Appellants*

**BOE-HYDIS TECHNOLOGY CO LTD., PICVUE ELECTRONICS LIMITED, TOSHIBA AMERICA INC., ALL AROUND CO LTD., NOKIA INC., AU OPTRONICS CORP., AU OPTRONICS CORPORATION AMERICA, NOKIA CORPORATION, SEIKO EPSON CORPORATION, ARGUS,**
*Defendants*

---

2017-1070, 2017-1073

---

Appeals from the United States District Court for the District of Delaware in Nos. 1:04-cv-01337-LPS, 1:04-cv-

01338-LPS, 1:04-cv-01536-LPS, 1:05-cv-00874-LPS, Chief Judge Leonard P. Stark.

————————————

Decided: January 11, 2018

————————————

MARTIN RICHARD LUECK, Robins Kaplan LLP, Minneapolis, MN, argued for plaintiff-appellee. Also represented by MATTHEW L. WOODS, PETER N. SURDO.

MATTHEW SIEGAL, Stroock & Stroock & Lavan LLP, New York, NY, argued for defendants-appellants FujiFilm Corporation, Fujifilm USA. Also represented by LAWRENCE ROSENTHAL.

STEPHEN S. KORNICZKY, Sheppard, Mullin, Richter & Hampton LLP, San Diego, CA, argued for defendants-appellants Samsung SDI America Inc., Samsung SDI Co Ltd. Also represented by MARTIN BADER, MICHAEL MURPHY.

————————————

Before PROST, *Chief Judge*, NEWMAN and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Appellants Fujifilm Corporation, Fujifilm USA, Samsung SDI America Inc., and Samsung SDI Co. Ltd. appeal the district court's denial of attorneys' fees under 35 U.S.C. § 285. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). Because the district court did not abuse its discretion, we affirm.

Under § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional" case under § 285 is one that "stands out from others with respect to the substantive strength of a

party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional case determination on a case-by-case basis considering the totality of the circumstances. *See id.* at 1756, 1758.

We review a district court's decision on attorneys' fees for an abuse of discretion, which is a highly deferential standard of review. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749 (2014); *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). To meet the abuse-of-discretion standard, the appellant must show that the district court made "a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer*, 851 F.3d at 1306 (citations omitted); *see also Highmark*, 134 S. Ct. at 1748 n.2.

Honeywell asserted U.S. Patent No. 5,280,371 against appellants. The district court held Honeywell's patent invalid for violation of the on-sale bar under 35 U.S.C. § 102 on summary judgment, and we affirmed. *See Honeywell Int'l Inc. v. Nikon Corp.* (*Honeywell I*), 672 F. Supp. 2d 638 (D. Del. 2009), *aff'd sub nom. Honeywell Int'l Inc. v. Nokia Corp.* (*Honeywell II*), 400 F. App'x 557 (Fed. Cir. 2010).

After prevailing at summary judgment, appellants filed motions seeking attorneys' fees under § 285 on facts relating to the on-sale bar violation. The district court denied the motions. *See Honeywell Int'l Inc. v. Nokia Corp.* (*Honeywell III*), No. CV 04-1337-LPS, 2014 WL 2568041 (D. Del. May 30, 2014). Appellants appealed to this court. While the appeal was pending, the Supreme

Court changed the legal standard for attorneys' fees under § 285. *See Highmark*, 134 S. Ct. at 1748–49; *Octane*, 134 S. Ct. 1756–58. Accordingly, this court vacated and remanded *Honeywell III* for reconsideration in light of *Highmark* and *Octane*. *See Honeywell Int'l, Inc. v. Nokia Corp.* (*Honeywell IV*), 615 F. App'x 688 (Fed. Cir. 2015). On remand, the district court considered renewed briefing and oral argument in light of the new standard. Applying the new standard in a detailed and structured analysis, the district court again denied attorneys' fees. Fuji and Samsung appeal.

Though the appellants raise plausible arguments supporting an award of fees, we are cognizant of the Supreme Court's exhortation that:

> "[A]s a matter of the sound administration of justice," the district court "is better positioned" to decide whether a case is exceptional, because it lives with the case over a prolonged period of time . . . . [T]he question is "multifarious and novel," not susceptible to "useful generalization" of the sort that de novo review provides, and "likely to profit from the experience that an abuse-of-discretion rule will permit to develop."

*Highmark*, 134 S. Ct. at 1748–49 (citations omitted). Here, we cannot say that the district court abused its discretion in denying fees. The district court applied the correct legal test under § 285 and *Octane*. Indeed, it examined the totality of the circumstances—including all of the circumstances raised by appellants on appeal—to determine whether this case stood out from others. *See Octane*, 134 S. Ct. at 1756. The district court's analysis demonstrated the totality-of-the-circumstances approach, detailing the reasons why Honeywell's positions on the merits and litigation tactics did not make this case, in its judgment, exceptional. The district court's fact findings on the issue are not clearly erroneous. Further, we agree

with the district court that losing a summary judgment motion should not automatically result in a finding of exceptional conduct. The district court did not abuse its discretion in denying appellants' motions for attorneys' fees. We affirm.

## AFFIRMED

### COSTS

Costs to Appellee.