Opinion for the court filed by Chief Judge PROST. Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Chief Judge.
American Calcar Inc. (“Calcar”) appeals from the judgment of the U.S. District Court for the Southern District of California finding that U.S. Patent Nos. 6,330,497 (“'497 patent”), 6,438,465 (“'465 patent”), and 6,542,795 (“'795 patent”) were unenforceable due to inequitable conduct. For the reasons stated below, we affirm.
I
This appeal arises from Calcar’s suit against defendant-appellees American Honda Motor Co., Inc. and Honda of America Manufacturing, Inc. (collectively “Honda”), asserting the infringement of fifteen patents — of which three remain at issue. All share a common specification and are derived from a priority application filed on January 28, 1997, which since issued as U.S. Patent No. 6,009,355 (“'355 patent”). The patents describe and claim aspects of a multimedia system for use in a car to access vehicle information and control vehicle functions.
Calcar accused computerized navigation systems installed in Honda vehicles of infringing its patents. Calcar claimed that the accused systems included additional infringing features beyond providing the driver with travel directions. Honda responded with various defenses, including non-infringement, invalidity, and inequitable conduct. The case was transferred to the district court from the Eastern District of Texas in 2006. Over the course of the proceedings thereafter, Calcar dropped certain patents, summary judgment was granted finding others to be invalid or non-infringing, and finally, in 2008, four patents went to trial.
Before trial, Honda moved for a finding of inequitable conduct. Honda’s motion was based on the actions of Calcar’s founder, Mr. Obradovieh. Among the three co-inventors, Mr. Obradovieh was the one primarily responsible for preparing the patent application. Honda alleged that he deliberately withheld prior art that was material to patentability from the U.S. Patent and Trademark Office (“PTO”). Specifically, Honda argued that while Mr. Obradovieh disclosed the existence of the 1996 Aeura RL (“96RL”) navigation system, he intentionally did not disclose additional information that would have led the PTO to deny the patent as anticipated or rendered obvious by the system.
In 1996, Honda added the navigation system as an option for the Acura RL. At the time, Calcar was publishing “Quick Tips” guides: booklets with condensed information from a car’s owner’s manual. During the course of developing a QuickTips guide for the 96RL, Mr. Obradovieh drove the car and operated the navigation system, and Calcar personnel took photographs of the navigation system and owner’s manual. Subsequently, Mr. Obradovieh began working on the parent application that ultimately issued as the '355 patent. The application explicitly referred to the 96RL system as prior art, and Mr. Obradovieh acknowledged that the system was used as the basis of Calcar’s inventions. Honda alleged that Mr. Obradovieh knew that the owner’s manual and photographs were in *1188 Calcar’s possession and deliberately withheld them during prosecution. Honda argued that the operational details that he did not disclose were precisely those that were the claimed in the patents at issue-the use of the system to display the status of vehicle functions (claimed by the '497 patent) and to search for information about the vehicle (claimed by the '465 and '795 patents).
The jury ultimately found the '497 patent invalid, and it found the '465 and '795 patents valid. After the trial ended and the jury rendered its verdict, the district court granted Honda’s inequitable conduct motion and, therefore, held the patents at issue unenforceable. Am. Calcar, Inc. v. Am. Honda Motor Co., No. 06-cv-02433, 2008 WL 8990987 (S.D.Cal. Nov. 3, 2008), ECF No. 577 (“Calcar 7”). Calcar then appealed to this court.
While the appeal was pending, this court established a revised and narrower test for inequitable conduct in Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276 (Fed.Cir.2011) (en banc). In light of Therasense, we affirmed the district court’s finding of the materiality of the prior art with respect to the '497 patent, and vacated the district court’s other determinations of materiality and intent. Am. Calcar, Inc. v. Am. Honda Motor Co., 651 F.3d 1318 (Fed.Cir.2011) (“Calcar II ”). On the question of the materiality of the prior art as to the '465 and '795 patents, we remanded for the district court to determine whether the patents would have been granted “but for” the information that the applicant did not disclose, following the test for materiality set forth in Therasense. Id. at 1335. With respect to the applicant’s specific intent to deceive the PTO, we vacated as to all three patents and remanded to the district court to “make a specific finding on whether any of the three inventors knew that the withheld information was material and whether they made a deliberate decision to withhold it.” Id. at 1335-36.
On remand, the district court asked the parties for additional briefing and held a hearing in March 2012. The district court again found that the three patents at issue were obtained through inequitable conduct, detailing its findings of fact and conclusions of law in an opinion spanning over twenty pages. Am. Calcar, Inc. v. Am. Honda Motor Co., No. 06-cv-2433, 2012 WL 1328640 (S.D.Cal. Apr. 17, 2012) (“Cal-car III”).
The district court found that but for the information about the prior art withheld by Mr. Obradovich, the PTO would not have granted the '465 and '795 patents. Id. at *8. It made further findings as to all three patents regarding Mr. Obradovich’s specific intent to deceive the PTO, concluding that the only reasonable inferences from the evidence were that Mr. Obradovich knew that the prior art was material to his invention and that he made a deliberate decision to withhold material information. Id. at *9-10. It also found that evidence of Mr. Obradovich’s good faith did not overcome this other evidence, nor did it create a reasonable inference that Mr. Obradovich may have been merely negligent or grossly negligent. Id. at *11. Having made findings on each prong of the Therasense standard, the district court once again concluded that the patents are unenforceable due to inequitable conduct.
Calcar appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).
II
Inequitable conduct is an equitable defense to patent infringement. Therasense, 649 F.3d at 1285. The defendant proves inequitable conduct “by clear and convincing evidence that the patent appli *1189 cant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO.” Ohio Willow Wood Co. v. Alps S., LLC, 735 F.3d 1333, 1344 (Fed. Cir.2013). Intent and materiality must be separately established. Therasense, 649 F.3d at 1290. On appeal, we review the district court’s findings of materiality and intent for clear error. Intellect Wireless, Inc. v. HTC Corp., 732 F.3d 1339, 1342 (Fed.Cir.2013). We review the district court’s ultimate finding of inequitable conduct based on those underlying facts for abuse of discretion. Id.
A. Materiality
This court held in Therasense that the standard for “the materiality required to establish inequitable conduct is but-for materiality.” 649 F.3d at 1291. In particular, undisclosed prior art is “but-for material if the PTO would not have allowed a claim had it been aware of’ it. Id. This means that to assess materiality, the court must look to the standard used by the PTO to allow claims during examination. To wit: “The court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.” Id. at 1291-92. District courts and the PTO employ different evidentiary standards and rules for claim construction. Therefore, “even if a district court does not invalidate a claim based on a deliberately withheld reference, the reference may be material if it would have blocked patent issuance under the PTO’s different evidentiary standards.” Id. The jury’s verdict finding the patents at issue non-obvious thus does not weigh on the determination of materiality for inequitable conduct, and indeed, Calcar does not make any arguments on appeal that rely on the jury’s determination.
As an initial matter, we have already held that the prior art “96RL search function is substantially similar to the system described in the '465 and '795 patents.” Calcar II, 651 F.3d at 1335. The case was remanded because the district court had not made a specific finding that the “withheld information would have blocked issuance of the claims” of said patents. Id.
Claim 1 of the '465 patent is representative of the patents for which materiality is at issue on appeal (emphasis added):
1. A system for use in a vehicle comprising:
a memory for storing a plurality of displays having predetermined contents, the plurality of displays being associated with a plurality of aspects of the vehicle;
an interface for entering a query to conduct a search concerning an aspect of the vehicle;
an input device for selecting a result of the search;
a processor responsive to the selected result for identifying at least one of the plurality of displays which is associated with the aspect of the vehicle; and a display element for showing thereon the at least one display.
The highlighted text shows the only difference between the prior art and the claim — as even Calcar concedes. As the district court noted, Calcar does not dispute that the 96RL navigation system “includes an interface for entering a query to conduct a search, an input device for selecting a result of the search, a processor that identifies a display associated with the selection, and an element that allows that display to be shown to the user.” Calcar III, at *8. Therefore, the only limitation that Calcar claims as novel is that the object of the user’s search has to be “an aspect of the vehicle.” Claim 1 of the '765 patent similarly includes only the limita *1190 tion of searching for and displaying information about an “aspect of the vehicle.”
Calcar’s principal argument is that the district court improperly failed to account for the inventive differences between the prior art 96RL navigation system and the claims of the '465 and '795 patents. Cal-car points to examples listed in the patent’s specification, such as the ability to retrieve such features as climate control functions, “the radio, the engine, and other aspects of the vehicle.” Appellant’s Br. 52. Calcar argues that the search for information regarding such aspects of the vehicle is a non-obvious invention that was merely based on the 96RL system. The district court did address the differences between the 96RL system and what Calcar actually claimed. It found that the only difference was “the nature of the information contained in the systems”: navigational details (destinations, addresses, directions) in the 96RL system and information about the vehicle itself in the '465 and '795 patents. Calcar III, at *8. The district court found that the PTO would have not allowed the patents as “it would have been obvious to a person of ordinary skill in the art to include different information in the 96RL navigation system.” Id.
As the district court stated, the 96RL and Calcar’s patented system “perform the same function, ie., delivery of information, in the same way, ie., through an interactive display screen, to achieve the same result, namely providing information to the vehicle user.” Id. Calcar argues that by using the language “same function” “same way” “same result,” the district court improperly applied a doctrine of equivalents analysis to the question of obviousness. We find this argument unavailing. That sentence just summarizes why the mere substitution of one kind of information as the object of the search — which, under a broadest reasonable interpretation of the claim, could be anything about the car— would be an obvious, and thus unpatentable, invention.
Because the district court did not commit clear error in its finding of materiality, we affirm the district court’s determination that the undisclosed operational details of the 96RL navigation system are material to the patentability of the '465 and '795 patents. We note that this court previously affirmed the finding of materiality as to the '497 patent. Calcar II, 651 F.3d at 1334.
B. Intent
Calcar provided a limited disclosure of the 96RL navigation system in the patents’ specification, and it also submitted a New York Times article describing the system during prosecution. As the district found, however, these disclosures exclude material information about the 96RL system, such as the manner in which the prior art system provided notifications to the user and displayed search results. See Calcar III, at *8; Calcar II, 651 F.3d at 1332-34. Partial disclosure of material information about the prior art to the PTO cannot absolve a patentee of intent if the disclosure is intentionally selective. Aventis Pharma S.A. v. Hospira, Inc., 675 F.3d 1324, 1335-36 (Fed.Cir.2012); see also Semiconductor Energy Lab. Co. v. Samsung Elecs. Co., 204 F.3d 1368, 1376 (Fed. Cir.2000) (finding intent where the patentee disclosed a complete reference in Japanese but did not provide translations of that part which was material to patentability); Apotex Inc. v. UCB, Inc., No. 13-1674, 763 F.3d 1354, 1362, 2014 WL 3973498, at *8 (Fed.Cir. Aug. 15, 2014) (finding intent on the basis of an inventor misrepresenting material information about disclosed prior art).
We recognize instead that “[because direct evidence of deceptive intent is *1191 rare, a district court may infer intent from indirect and circumstantial evidence,” provided that such intent is the single reasonable inference. Therasense, 649 F.3d at 1290-91. We further review “the district court’s factual findings regarding what reasonable inferences may be drawn from the evidence for clear error.” Id. at 1291.
In the previous appeal, we noted that based on its review of the record, the district court found that Mr. Obradovich’s testimony lacked credibility. Calcar II, 651 F.3d at 1335. It had inferred intent based on contradictory assertions made by Mr. Obradovich in both this proceeding and a previous suit. Id. at 1332. It also found that Mr. Obradovich was not candid about the inventors’ possession of photographs of the 96RL system. Id. at 1332. We held, however, that in light of Therasense, the finding of materiality and Mr. Obradovich’s lack of credibility were insufficient grounds to find intent. Id. at 1335. We thus remanded for the district court to determine whether the single reasonable inference of the factual record would be that any of the inventors possessed undisclosed information about the 96RL system, knew it was material, and deliberately decided to withhold that information from the PTO. Id.
On remand, the district court reviewed the record and made the findings of fact required under Therasense. The district court found that Mr. Obradovich possessed material information based on his own testimony about his personal knowledge of the 96RL system, test drives of the 96RL with the system, and use of figures from the 96RL owner’s manual in the patent application he drafted. Calcar III, at *9. It further found that Mr. Obradovich knew the information was material because he himself acknowledged the importance of the information he possessed about how the 96RL system was used to access information and present it to the user. Id. at *10. The district court also found that the single reasonable inference based on the facts regarding Mr. Obradovich’s role in developing the patent application was that Mr. Obradovich deliberately decided to withhold the information from the PTO. Id.
The district court expressly rejected Calcar’s suggestion that it would have been equally reasonable for the district court to infer that Mr. Obradovich’s actions were merely negligent or grossly negligent. In Calcar’s view, Mr. Obradovich’s inexperience may have contributed to a mistaken or accidental failure to disclose. The district court found, however, that any such suggestion was unsupported by the evidence. It found that the evidence showed that Mr. Obradovich had “ample time and opportunity” for a comprehensive disclosure, and yet he only disclosed the mere existence of the 96RL system without providing its operational details. Calcar III, at *10. It concluded, therefore, that his failure to disclose other information that would have prevented his patent application from succeeding “demonstrates a deliberative process, not an accident or mistake.” Id. The district court noted in particular that Calcar’s positions and Mr. Obradovich’s testimony regarding his knowledge and possession of documents lacked credibility. Id. at *10 n. 3; see also FilmTec Corp. v. Hydranautics, 982 F.2d 1546, 1553 (Fed.Cir.1992) (“We will not invade the province of the district court to judge matters of credibility.”). Overall, we do not find any clear error in the district court’s inference— based on its careful and comprehensive review of the record and eight years of experience with the case — of Mr. Obradovich’s specific intent to deceive the PTO.
Finally, while Calcar points to the jury’s advisory verdict in 2008 that there was no *1192 inequitable conduct, we find this argument unavailing. As we have held, inequitable conduct is “inequitable in nature,” and thus the “district court was in no way bound by the jury’s finding of no inequitable conduct in this case.” Calcar II, 651 F.3d at 1334. In any event, after the jury submitted its advisory verdict, the district court requested thousands of pages of testimony from Calcar’s previous litigation. Order Requesting Supplemental Briefing, Am. Calcar, Inc. v. Am. Honda Motor Co., No. 06-cv-2433 (S.D.Cal. Sept. 24, 2008), ECF No. 566. This testimony included assertions by Mr. Obradovich that contradicted those made in these proceedings, which led the district court to its determination that Mr. Obradovich lacked credibility. This was evidence that the jury did not see. Therefore, we see no reason why the jury’s advisory verdict suggests a reasonable alternative to the district court’s inference.
In sum, on remand, the district court did not clearly err in its underlying factual findings of materiality and intent. Its thorough analysis was fully consistent with the standards and tests set forth in Therasense. The district court, therefore, did not abuse its discretion in determining that the patents were unenforceable due to inequitable conduct.
Ill
For the aforementioned reasons, we affirm the district court’s judgment that the '497, '465, and '795 patents were obtained through inequitable conduct and are thus unenforceable.
AFFIRMED.