# United States Court of Appeals for the Federal Circuit

---

**SPINEOLOGY, INC.,**
*Plaintiff-Appellee*

**v.**

**WRIGHT MEDICAL TECHNOLOGY, INC., A DELAWARE CORPORATION,**
*Defendant-Appellant*

---

2018-1276

---

Appeal from the United States District Court for the District of Minnesota in No. 0:15-cv-00180-JNE-FLN, Judge Joan N. Ericksen.

---

Decided: December 14, 2018

---

RANDALL THOMAS SKAAR, Skaar Ulbrich Macari, P.A., Minnetonka, MN, argued for plaintiff-appellee.

ANTHONY JAMES FITZPATRICK, Duane Morris LLP, Boston, MA, argued for defendant-appellant. Also represented by CHRISTOPHER S. KROON; DIANA SANGALLI, THOMAS W. SANKEY, Houston, TX.

---

Before PROST, *Chief Judge,* DYK and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge*.

Wright Medical Technology, Inc., appeals the United States District Court for the District of Minnesota's denial of its motion for attorney fees under 35 U.S.C. § 285. Because we hold that the district court did not abuse its discretion in denying Wright's motion, we affirm.

BACKGROUND

Spineology, Inc., is the assignee of U.S. Patent No. 6,383,188, reissued as No. RE42,757, which describes an "expandable reamer" for use in orthopedic surgery. '757 patent at 1:16–17. Wright manufactures a reamer known as the X-REAM®. In 2015, Spineology sued Wright, alleging the X-REAM® infringes claims 15, 21–23, and 33–35 of the '757 patent.

The district court issued a claim construction order in 2016. In the order, it acknowledged that the parties disputed construction of the term "body," but it declined to adopt either party's construction. Wright and Spineology then filed cross-motions for summary judgment on infringement. Recognizing the alleged infringement depended on how "body" was construed, the district court construed "body" consistent with Wright's non-infringement position and granted Wright's motion.[1]

Wright then moved for attorney fees, arguing Spineology's proposed construction of "body," its damages theories, and its litigation conduct rendered this case "exceptional" under § 285. The district court denied the motion. It determined that, while ultimately the court

---

[1]    We affirmed this construction and the grant of summary judgment of non-infringement on appeal. *Spineology, Inc. v. Wright Med. Tech., Inc.*, 739 F. App'x 633, 637–38 (Fed. Cir. 2018).

rejected Spineology's proposed construction, "[t]he attempt was not so meritless as to render the case exceptional." J.A. 64. It similarly determined "the arguments made by Spineology to support its damages theory . . . are not so meritless as to render the case exceptional." J.A. 65. It concluded "[n]othing about this case stands out from others with respect to the substantive strength of Spineology's litigating position or the manner in which the case was litigated." J.A. 65–66.

## DISCUSSION

Under § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." "[A]n 'exceptional' case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in a case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* We review "all aspects of a district court's § 285 determination for abuse of discretion," keeping in mind that "the district court 'is better positioned' to decide whether a case is exceptional, because it lives with the case over a prolonged period of time." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 559–60 (1988)).

Because we hold the district court did not abuse its discretion in denying Wright's motion for attorney fees under § 285, we affirm.

## I

Wright argues Spineology's claim construction position was so unreasonable it rendered this case "exception-

al" under § 285.  It argues Spineology's proposed construction of "body" was meritless, and its continued pursuit of this construction after the district court declined to adopt it in the claim construction order was unreasonable.  We are unpersuaded.

Prior to the claim construction order, Spineology and Wright each proposed a construction of "body."  J.A. 18, 21.  In the order, the district court "decline[d] to adopt either party's proposed construction of 'body,'" determining "the claims themselves provide substantial guidance as to the meaning of the claim."  J.A. 22.  It was not until summary judgment that the district court construed "body" consistent with Wright's, rather than Spineology's, proposed construction.

We agree with the district court that, while Spineology's proposed construction of "body" was ultimately rejected at summary judgment, "[t]he attempt was not so meritless as to render the case exceptional."  J.A. 64.  As we have stressed, "[a] party's position . . . ultimately need not be correct for them not to 'stand[] out'."  *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015).  And Wright cannot fairly criticize Spineology for continuing to pursue a construction not adopted by the district court in the claim construction order, since the district court declined to adopt Wright's proposed construction as well.  We see no abuse of discretion here.

## II

Despite the fact that this case was resolved on summary judgment of non-infringement with no consideration of or rulings on damages, Wright argues the district court should have, as part of its exceptional case determination, reviewed the parties' various expert reports on damages and assessed the merits of Spineology's damages theories.  Wright argues that, after such a review, the district court should have concluded that Spineology's damages theories

were so unreasonable as to render this case "exceptional" under § 285. Wright criticizes the lost profits analysis offered by Spineology's expert, Mr. Nantell, as improperly calculating the sales Wright would have made "but for" Spineology's infringement. It also criticizes Mr. Nantell's reasonable royalties analysis as improperly relying on the entire market value rule ("EMVR") and employing a flawed royalty rate. We are unpersuaded.

"This court has affirmed lost profit awards based on a wide variety of reconstruction theories," *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1263–64 (Fed. Cir. 2013), and Spineology marshaled case law to make a colorable argument in support of Mr. Nantell's reliance on the EMVR, *e.g.*, *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1384–86 (Fed. Cir. 2001). Perhaps Spineology's damages theories would not have prevailed, but "a strong or even correct litigating position is not the standard by which we assess exceptionality." *Stone Basket Innovs., LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018). The district court explained that, even if it had excluded Spineology's damages expert, Spineology's damages theories are not so meritless as to render the case exceptional. J.A. 65. Wright argues on appeal that the district court did not do enough to analyze the merits of Spineology's damages theory. We do not agree. On this record, where the district court never *reached* the parties' damages arguments, we are in no position to upend its determination that Mr. Nantell's analysis was not meritless.

Wright asks this court to basically decide the damages issues mooted by summary judgment in order to determine whether it ought to obtain attorney fees for the entire litigation. This we will not do. We will not force the district court, on a motion for attorney fees, to conduct the trial it never had by requiring it to evaluate Mr. Nantell's "but for" calculations or royalty rates, and we—

an appellate court—will certainly not conduct that trial in the first instance.

A district court need not, as Wright seems to urge, litigate to resolution every issue mooted by summary judgment to rule on a motion for attorney fees. And we need not, as Wright requests, get into the weeds on issues the district court never reached. We see no abuse of discretion in the district court's determination that "the arguments made by Spineology to support its damages theory . . . are not so meritless as to render the case exceptional." J.A. 65. We see no error in the district court's determination that, on this record, the case was not exceptional, and we caution future litigants to tread carefully in their complaints about district courts not doing enough.

## III

Wright further challenges as "exceptional" Spineology's conduct during litigation. It criticizes Spineology for allegedly attempting to mislead the district court with a cropped and annotated version of Figure 2, ignoring evidence that undermined its proposed construction of "body," and withholding its expert's measurements of the X-REAM®. Again, we are unpersuaded.

As the district court observed, nothing Wright points to makes this case "stand[] out from others with respect to . . . the unreasonable manner in which the case was litigated." J.A. 65-66. The district court has "live[d] with the case over a prolonged period of time." *Highmark*, 134 S. Ct. at 1747–48 (quoting *Pierce*, 487 U.S. at 559–60). It saw Spineology's version of Figure 2, considered the evidence regarding claim construction, and compelled production of the X-REAM® measurements. The district court is undoubtedly "'better positioned' to decide whether [this] case is exceptional." *Id.* We see no abuse of discretion in the district court's determination that it is not.

## IV

Wright requests that, at a minimum, we remand this case for a more complete assessment of whether the "totality of the circumstances" renders this case exceptional. *Octane Fitness*, 134 S. Ct. at 1756. We see no need to do so.

After reviewing Wright's arguments regarding Spineology's claim construction position, damages theories, and litigation conduct, the district court concluded "[n]othing about this case stands out from others with respect to the substantive strength of Spineology's litigating position or the manner in which the case was litigated." J.A. 65–66. The district court "had no obligation to write an opinion that reveals [its] assessment of every consideration," and remand is unnecessary to obtain one. *Univ. of Utah v. Max-Planck-Gesellschaft*, 851 F.3d 1317, 1323 (Fed. Cir. 2017).

## CONCLUSION

Because we review "all aspects of a district court's § 285 determination for abuse of discretion," and we see no abuse here, we affirm. *Highmark*, 134 S. Ct. at 1747. We remind that "fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

## AFFIRMED

### COSTS

Costs to Spineology.