# United States Court of Appeals
# for the Federal Circuit

_____

**UNITED CANNABIS CORPORATION,**
*Plaintiff-Appellee*

**v.**

**PURE HEMP COLLECTIVE INC.,**
*Defendant-Appellant*

_____

2022-1363

_____

Appeal from the United States District Court for the District of Colorado in No. 1:18-cv-01922-WJM-NYW, Judge William J. Martinez.

_____

Decided: May 8, 2023

_____

ORION ARMON, Cooley LLP, Denver, CO, argued for plaintiff-appellee.

JAMES R. GOURLEY, Carstens, Allen, & Gourley, LLP, Plano, TX, argued for defendant-appellant.

_____

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

STARK, *Circuit Judge*.

United Cannabis Corporation ("UCANN") sued Pure Hemp Collective ("Pure Hemp") for infringement of U.S. Patent No. 9,730,911 (the "'911 patent") in the United States District Court for the District of Colorado. After prolonged litigation, UCANN and Pure Hemp stipulated to the dismissal of their claims and counterclaims. Pure Hemp then moved for attorney fees and sanctions, which the district court denied. Pure Hemp asks us to reverse and declare this case exceptional. We affirm.

I

UCANN filed suit in the District of Colorado in July 2018, accusing Pure Hemp of infringing the '911 patent. The '911 patent, entitled "*Cannabis* Extracts and Methods of Preparing and Using the Same," discloses the "extraction of pharmaceutically active components . . . more particularly . . . botanical drug substance (BDS) comprising cannabinoids obtained by extraction from *cannabis*." '911 patent 1:14-17. In April 2020, UCANN filed for bankruptcy, which automatically stayed this litigation. After the bankruptcy petition was dismissed in January 2021, the parties stipulated to the dismissal of this patent case. UCANN's infringement claims were dismissed with prejudice while Pure Hemp's invalidity and inequitable conduct counterclaims were dismissed without prejudice. The stipulation was silent on the issue of attorney fees.

Subsequently, on April 14, 2021, Pure Hemp moved for an award of attorney fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent authority. Pure Hemp asserted two bases for its requested relief: (1) UCANN's prosecution counsel had allegedly committed inequitable conduct by copying text from a piece of prior art, U.S. Patent Publication No. 2004/0033280 ("Whittle"), into the specification of the '911 patent and then not disclosing Whittle to the Patent and Trademark Office ("PTO") as prior art; and (2) UCANN's litigation counsel,

Cooley LLP, purportedly took conflicting positions in its representation of UCANN and another client, GW Pharma (the owner of Whittle). Pure Hemp expressly notified the district court that it did not seek any further proceedings, including a trial or evidentiary hearing, in connection with its motion. *See, e.g.*, ECF No. 12 at 2 (Pure Hemp reiterating to this court it "did not request an evidentiary hearing at the district court, and is not requesting one here"). Consequently, the district court resolved and denied the motion for attorney fees based on the existing record. In doing so, the district court explained:

> Ultimately, the Court finds that Defendant has failed to establish that it is the prevailing party under section 285, that this is an "exceptional" case warranting an attorney's fee award, or that Plaintiff's counsel has acted in a vexatious or otherwise unreasonable manner. In making this determination, the Court notes that the parties stipulated to dismissal of this case *before* many of the factual disputes Defendant cites were adjudicated on the merits. (ECF No. 91.) The record on the substantive merits and the materiality of Plaintiff's purportedly inequitable conduct is woefully undeveloped, and as such, does not paint a persuasive picture for awarding fees.

J.A. 2-3 (emphasis in original). Pure Hemp timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

Pure Hemp sought to recover its attorney fees under three different legal authorities, so we set out the legal standards applicable to our review of each of them.

First, pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "simply one that

stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Relevant considerations may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. In determining if a case is exceptional within the meaning of the statute, district courts, "in the case-by-case exercise of their discretion, consider[] the totality of the circumstances." *Id.* at 554. The "fee-seeking party must show that it is entitled to § 285 fees by a 'preponderance of evidence.'" *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1305 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 557-58).

We apply "an abuse-of-discretion standard in reviewing all aspects of a district court's § 285 determination." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). "To meet the abuse-of-discretion standard, the [appellant] must show that the district court made a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer CropScience*, 851 F.3d at 1306 (internal quotation marks omitted).

Second, 28 U.S.C. § 1927 states:

Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

We review § 1927 motions under the law of the regional circuit. *See Gust, Inc. v. Alphacap Ventures, LLC*, 905 F.3d

1321, 1327 (Fed. Cir. 2018).  The Tenth Circuit has cautioned that § 1927 is an "extreme standard" and allows for relief only when conduct "manifests either intentional or reckless disregard of the attorney's duties to the court." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990).  The Tenth Circuit reviews "an award of sanctions under § 1927 only for abuse of discretion," but where the exercise of discretion depends "on the resolution of a purely legal issue, . . . we approach such a question *de novo.*" *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008).  "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Silva*, 889 F.3d 704, 709 (10th Cir. 2018).

Third, "in narrowly defined circumstances federal courts have *inherent power* to assess attorney's fees against counsel," including for acting in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (emphasis added).  "When reviewing the imposition of sanctions under a district court's inherent powers, we apply the law of the regional circuit in which the district court sits." *Monsanto Co. v. E.I. Du Pont de Nemours & Co.*, 748 F.3d 1189, 1196 (Fed. Cir. 2014).  The Tenth Circuit reviews a district court's sanctions decision made under the court's inherent powers for abuse of discretion. *See O'Rourke v. Dominion Voting Sys., Inc.*, 2022 WL 17588344, at *2 (10th Cir. Dec. 13, 2022).

## III

In asking us to reverse the denial of attorney fees, Pure Hemp identifies three supposed errors committed by the district court: (1) failing to find Pure Hemp to be the prevailing party in the litigation; (2) not concluding that the undisputed facts establish inequitable conduct; and (3) not recognizing that UCANN's attorneys had a conflict of

interest for which they should be sanctioned.[1]  We address each issue in turn.

A

Under § 285, only a prevailing party is eligible to be awarded attorney fees.  The district court committed error in not finding Pure Hemp to be the prevailing party in this action.  However, this error was harmless.

"[I]n identifying a prevailing party, we must consider whether the district court's decision effects or rebuffs a plaintiff's attempt to effect a material alteration in the legal relationship between the parties."  *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (internal quotation marks omitted).  Here, UCANN sued Pure Hemp for patent infringement and, thereby, attempted to effect a material alteration in the parties' relationship by imposing liability on Pure Hemp.  This effort failed, as the case ended – by agreement – with dismissal of UCANN's patent infringement claims with prejudice.  Hence, Pure Hemp successfully rebuffed UCANN's lawsuit and ensured that UCANN can never again assert the same patents against Pure Hemp's same accused products; both outcomes make Pure Hemp the prevailing party.  *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) ("Appellees 'won' through the court's dismissal of [appellant's] case with prejudice – they prevented [appellant]

---

[1]  As UCANN points out, in the district court Pure Hemp advocated five grounds for why this case is purportedly exceptional, but it only presses two of these grounds on appeal.  We agree with UCANN that the other three bases are forfeited, *see Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990) ("[A]n issue not raised by an appellant in its opening brief . . . is waived."), and we need not discuss them.

from achieving a material alteration of the relationship between them, based on a decision marked by 'judicial *imprimatur*.'"); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) ("[W]e conclude that as a matter of patent law, the dismissal with prejudice . . . has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [a] fee claim under 35 U.S.C. § 285.").

UCANN has never contested, before the district court or us, that Pure Hemp is the prevailing party. Instead, UCANN argues that the district court's error on this point is harmless because the district court provided additional reasons for denying Pure Hemp's motion. We agree with UCANN. After erroneously stating that Pure Hemp had not established it was the prevailing party, the district court went on to consider the question of whether this case is exceptional and concluded that Pure Hemp failed to meet its burden on this additional, necessary element of its motion. As we explain below, the district court did not abuse its discretion in finding this case unexceptional. Therefore, the court's error was harmless. *See* 28 U.S.C. § 2111 (directing appellate courts to review cases without regard to errors that do not affect parties' "substantial rights"); *Bridges v. Wilson*, 996 F.3d 1094, 1099 (10th Cir. 2021) ("The appellate court exercises common sense, trying to make a realistic assessment of the practical likelihood that the result in the district court would have been different had the error not occurred.") (internal quotation marks omitted).

B

"To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *In re Rosuvastatin Calcium Pat.*

*Litig.*, 703 F.3d 511, 519 (Fed. Cir. 2012). "We review the district court's findings of materiality and intent for clear error." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1333 (Fed. Cir. 2019) (alterations in original omitted).

In this case, we have no findings to review. The district court made no findings, and was not required to do so, because Pure Hemp voluntarily dismissed its counterclaim for inequitable conduct before any such findings had been made and, thereafter, in connection with its post-dismissal motion for attorney fees, Pure Hemp told the district court it did not seek any further evidentiary proceedings. *See* ECF No. 12 at 2 (Pure Hemp acknowledging it "did not request an evidentiary hearing at the district court, and is not requesting one here"); Oral Arg. at 2:40-45 (Q: "Did you request a post-judgment evidentiary hearing?" A: "I did not."). It is self-evident that a district court does not abuse its discretion by not conducting a post-dismissal inequitable conduct proceeding, in aid of resolution of a § 285 motion, when the moving party explicitly disclaims any desire for such a proceeding. *See Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) ("[W]e have emphasized the wide latitude district courts have to *refuse* to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award.") (emphasis in original).

Pure Hemp insists that the lack of factual findings on either element of an inequitable conduct claim – specific intent to deceive the PTO and materiality of the undisclosed prior art reference – does not doom its appeal because Pure Hemp can satisfy its burden based on the *undisputed* facts in the record. Even assuming this is theoretically possible, Pure Hemp's contention is unavailing here, as the limited record before us reveals genuine disputes with respect to both elements. The attorney Pure Hemp accuses of committing inequitable conduct, Cynthia Kozakiewicz, explained why she viewed the Whittle reference to be immaterial and why she believed in good faith

she did not have to disclose it to the PTO.  *See* J.A. 282-84. That Pure Hemp does not believe this testimony – and that Pure Hemp may have been able to prove at a trial, by clear and convincing evidence, that Ms. Kozakiewicz acted with a specific intent to deceive – is irrelevant.  What matters to this appeal, and what the district court was free to treat as dispositive in denying the motion, is that the record demonstrates (at best for Pure Hemp) a genuine dispute as to the material fact of intent; meaning Pure Hemp failed to meet its burden to prove that this case is exceptional due to inequitable conduct.  Pure Hemp did not seek further proceedings to try to make the required showing of intent to deceive, so it was entirely proper for the district court to reject the motion based solely on the limited record before it.

The analysis is much the same on the issue of the materiality of the Whittle reference.  UCANN made arguments for non-materiality, and Pure Hemp argued for materiality; the procedural posture did not require the district court to resolve this dispute (and it did not), so the record continues to contain (at best for Pure Hemp) a genuine dispute on the material fact of materiality.  Thus, again, Pure Hemp failed to show that this case is exceptional due to inequitable conduct.

Pure Hemp places great emphasis on another theory of inequitable conduct, which we also conclude lacks merit. Pure Hemp points out that UCANN's prosecution counsel copied and pasted portions of Whittle and another prior art reference into the '911 patent application.  She did not disclose Whittle to the PTO.  In Pure Hemp's view, this undisclosed copying and pasting is inequitable conduct. Appellant Br. at 26 ("The lack of disclosure is the problem here – not the copying and pasting by itself.").  As support, Pure Hemp relies on two district court cases, *see CCC Group, Inc. v. Martin Engineering Co.*, 683 F. Supp. 2d 1201 (D. Colo. 2010), and *American Calcar, Inc. v. American Honda Motor Co.*, 2012 WL 1328640 (S.D. Cal. Apr. 17,

2012), *aff'd*, 768 F.3d 1185 (Fed. Cir. 2014), neither of which are binding, and both of which turn on specific facts not present here. *See CCC Grp.*, 683 F. Supp. 2d at 1209 (finding inequitable conduct where patent applicant provided "a misleading portrayal of prior art" by including figure from prior art without identifying source and by misstating what figure represented); *Am. Calcar*, 2012 WL 1328640, at *5, *8 (finding inequitable conduct where "the overwhelming evidence indicate[d] [applicant] used the [prior art] while working on the patent application" and "the operational details of the [prior art] [were] material" to patentability). In both cases, the courts made specific findings that the copied prior art was material, while here the district court made no such finding. Additionally, Ms. Kozakiewicz provided an explanation for her copying and pasting – essentially that it was all background information well-known to a person of ordinary skill in the art – and the undeveloped record gives us no reason to disbelieve her testimony. J.A. 282-84, 298.

Pure Hemp offers another argument for why it can win this appeal even if we find, as we have, that the record contains genuine disputes of material fact: that we can make our own findings on intent to deceive and materiality. *See, e.g.*, Appellant Br. at 14 ("When this Court considers all of the evidence, it can not only reverse the district court's findings, it can also affirmatively hold that this case was exceptional . . . ."); *id.* at 24 (suggesting this Court could find that "[t]he single most reasonable inference based on all of the actions during prosecution of the [']911 Patent is that Whittle was withheld from the USPTO with intent to deceive"). Pure Hemp fundamentally misunderstands our role as a court of appeals. *See, e.g.*, *Spineology, Inc. v. Wright Med. Tech., Inc.*, 910 F.3d 1227, 1230 (Fed. Cir. 2018) ("We will not force the district court, on a motion for attorney fees, to conduct the trial it never had . . . and we – an appellate court – will *certainly* not conduct that trial in the first instance.") (emphasis added); *Impax Labs. Inc.*

*v. Lannett Holdings Inc.*, 893 F.3d 1372, 1382 (Fed. Cir. 2018) ("We do not and should not reweigh evidence or make factual findings anew on appeal."). We reject Pure Hemp's invitation to invade the province of the district court and make our own findings of fact.

Pure Hemp offers one final argument with respect to inequitable conduct: that the district court erred in failing to provide a more fulsome analysis. This contention, too, lacks merit. The district court plainly stated that it considered "all of the parties' arguments," J.A. 2, and Pure Hemp provides no reason for us to question this statement. *See Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1328 (Fed. Cir. 2017) ("[T]his court has said on multiple occasions that failure to explicitly discuss every issue or every piece of evidence does not alone establish that the tribunal did not consider it."); *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004) (stating that district court's failure to discuss issue did not mean issue was not considered). Moreover, "[b]ecause of the high level of deference owed to district courts on this issue and the limited circumstances that could qualify as exceptional, this court has not imposed a blanket requirement that a district court provide its reasoning in attorney fee cases." *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1305 (Fed. Cir. 2009); *see also Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1322 (Fed. Cir. 2006) (upholding denial of fees even without any district court opinion where "the record as a whole . . . adequately supports the denial of attorney fees").[2] We decline to impose such a requirement now.

---

[2]    "Instead, we have held only that a statement of the district court's reasoning is generally necessary to enable review when an attorney fees motion is granted or when attorney fees are denied despite the presence of one or more of the [following] circumstances": "inequitable conduct

C

Pure Hemp additionally argues that this case is exceptional because UCANN's attorneys suffered from a conflict of interest for which they should be sanctioned. We reject this argument because it is waived. Pure Hemp did not cite Rule 1.7 of the Model Rules of Professional Conduct, which is the basis for its conflict contention before us, to the district court. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) ("We have regularly stated and applied the important principle that a position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances.").

Pure Hemp's allegations also lack merit.[3] Rule 1.7 directs that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest," and goes on to define a concurrent conflict of interest as including where (as arguably relevant here) "the representation of one client will be directly adverse to another client." To evaluate whether UCANN suffers from such a conflict, we must look to "the total context." *Dr. Falk Pharma GmbH v. GeneriCo, LLC*, 916 F.3d 975, 982 (Fed. Cir. 2019). Here, the predominant feature of the context is the lack of evidence. While Pure Hemp *alleges* that Cooley simultaneously took conflicting positions for two of its clients, by prosecuting *identical* patents for both UCANN and GW Pharma, *see* Appellant Br. at 28 ("Cooley attorneys were

---

before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail*, 576 F.3d at 1304-05 (internal citations omitted). None of these circumstances is present here.

[3] We apply regional circuit law to the issue of conflict of interest. *See Monsanto*, 748 F.3d at 1196.

taking different positions in different forums on a critical issue: who invented a liquid cannabinoid formulation wherein at least 95% of the total cannabinoids is CBD."), it has presented *no evidence* that the patents Cooley prosecuted and obtained are identical. *See* J.A. 205-06 (Pure Hemp's district court argument, which is devoid of evidence). Pure Hemp also failed to show that anything Cooley did in its representation of UCANN was directly adverse to the interests of GW Pharma, or vice versa. Therefore, even if we were to reach the merits, we would reject Pure Hemp's argument that this case is exceptional due to an unproven conflict of interest suffered by UCANN's attorneys at Cooley.[4]

## IV

Finally, we address whether Pure Hemp's appeal is frivolous. We do so because UCANN previously moved to sanction Pure Hemp for a frivolous appeal and it is our understanding, based on the briefing and oral argument, that UCANN continues to view this appeal as frivolous. *See* Oral Arg. at 18:01-27. We denied the prior motion without prejudice, to allow UCANN to potentially renew its motion after disposition of the merits of the appeal. ECF No. 15. Rather than requiring the parties to brief a motion we know we would deny, we take this opportunity to explain why, although a close call, we deem this appeal not frivolous.

As we have explained:

---

[4]   Particularly given the lack of evidence, Pure Hemp is not helped by its citation to two non-binding district court cases. *See Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, 2020 WL 2539002 (N.D. Cal. May 19, 2020); *Andersen Mfg. v. Wyers Prods. Grp.*, 2019 WL 4007772 (D. Colo. Aug. 23, 2019).

> [T]here are two senses in which an appeal can be held frivolous: First where an appeal is taken in a case in which "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue," the appeal is held to be "frivolous as filed." Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be "frivolous as argued."

*Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991) (internal citations omitted); *see also* Fed. R. App. P. 38.

While Pure Hemp's position is extremely weak, it is neither "frivolous as filed" nor "frivolous as argued." Pure Hemp has prevailed on its appeal from the district court's erroneous conclusion that Pure Hemp was not the prevailing party. While UCANN never contested this point, Pure Hemp's victory on it persuades us that its appeal was not entirely frivolous when filed. As for how it has argued its appeal, there is much on which to fault Pure Hemp, including its contentions that the fact-laden issue of an attorney's specific intent can be resolved on our record as *undisputed* and that, alternatively, we should sit as factfinders. Then there are Pure Hemp's unsupported attacks on the integrity of UCANN's prosecution counsel (as discussed above in connection with inequitable conduct) and on UCANN's litigating counsel (whom Pure Hemp, unconvincingly, accuses of misconduct on appeal). *See, e.g.*, Appellant Reply Br. at 8 ("United Cannabis has misrepresented the contents of Whittle in its response brief."), *id.* at 20 ("It appears that United Cannabis has presented false testimony to this Court in support of its position."), *id.* at 21 ("And now, this tribunal has been presented with additional evidence of litigation misconduct on the part of Cooley in its

UNITED CANNABIS CORPORATION v.                    15
PURE HEMP COLLECTIVE INC.

representation of United Cannabis."). We take this opportunity to remind counsel of their obligation not to lightly launch attacks on one another's integrity and most certainly not to do so without a sound basis and solid evidence. Although we are not pleased with how Pure Hemp has argued this appeal, we cannot say this appeal, as a whole, was "frivolous as argued."

Accordingly, having *sua sponte* raised the issue of whether this appeal was frivolous, we conclude it was not.

V

While we have expressly discussed only the § 285 basis for Pure Hemp's fee motion, our analysis applies equally to the other grounds on which Pure Hemp relied: § 1927 and the court's inherent authority. Pure Hemp's motion fails on those grounds as well. We have considered Pure Hemp's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

Costs to Appellee.