# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2022

Lyle W. Cayce
Clerk

No. 21-50299

JAMES TEMPLETON,

*Plaintiff—Appellant*,

*versus*

OFFICER EDWARD JARMILLO, AUSTIN POLICE DEPARTMENT, BADGE #8408; OFFICER STEVEN KIELCHESKI, AUSTIN POLICE DEPARTMENT, BADGE #7314; OFFICER JAMES STARNS, AUSTIN POLICE DEPARTMENT, BADGE #7338; OFFICER GADIEL ALAS, AUSTIN POLICE DEPARTMENT, BADGE #7835; OFFICER TARA DICKEN, AUSTIN POLICE DEPARTMENT, BADGE #4761; OFFICER AMY BOUDREAU, AUSTIN POLICE DEPARTMENT, BADGE #8370,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC 1:19-CV-848

Before SOUTHWICK, HAYNES, and HIGGINSON, *Circuit Judges*.
LESLIE H. SOUTHWICK, *Circuit Judge*:

The plaintiff was handcuffed, detained, and involuntarily committed after the Austin Police Department conducted a welfare check on him at his home. He brought multiple claims under Section 1983 against the officers and other city employees. All the claims were dismissed. The plaintiff

Case: 21-50299     Document: 00516235536     Page: 2     Date Filed: 03/11/2022

No. 21-50299

appealed only as to the dismissal of his claims against the arresting officers for the use of excessive force. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

On November 17, 2017, officers with the Austin Police Department performed a welfare check on Plaintiff James Templeton. They did so based on a recommendation from a licensed clinical social worker at the Austin Travis County Mental Health and Mental Retardation Center's (d/b/a Integral Care) crisis hotline. Templeton was not home when the officers arrived, so the officers allegedly concealed themselves in his driveway and emerged once Templeton arrived. When they emerged, they pointed their guns at him, instructed him to get onto his knees, handcuffed him, and frisked him for officer safety.

While handcuffing Templeton, the officers allegedly "wrenched his arm behind him causing him extreme pain" and "twisted his hands 180 [degrees] and closed the handcuffs tightly so he could not rotate his hands." Templeton claims the pain caused his legs to buckle and his shoulder to spasm. He says he cried out in pain and asked the officers to remove the handcuffs, but instead, they pulled his arms to lift him to his feet, causing him more pain. The complaint states that Templeton was taken into "emergency detention" and also was subjected to involuntary civil commitment.

In August 2019, Templeton brought multiple claims under 42 U.S.C. § 1983 against the officers and city employees involved in his arrest, detention, and commitment. Claims against all defendants were dismissed in stages based on their different motions. Solely before us on this appeal are Templeton's claims against multiple police officers. Related to his handcuffing, he claimed the officers violated his Fourth Amendment right to be free from excessive force. The officers claimed they were entitled to qualified immunity and moved for judgment on the pleadings. In July 2020, the district court granted this motion, dismissing Templeton's excessive

2

force claims against the officers. Templeton then moved for the district court to alter its judgment, a motion the district court denied in August 2020. Final judgment was entered as to all defendants and all claims in March 2021. Templeton timely appealed the initial order dismissing his claims and the subsequent order denying Templeton's motion to amend judgment.

## DISCUSSION

We review a dismissal on the pleadings *de novo*. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The standard for dismissing a complaint under Rule 12(c) is the same as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). The standard requires the complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To overcome the officers' qualified immunity defense, Templeton must allege facts showing that the officers (1) "violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). Because the officers invoked a qualified immunity defense, the burden shifts to Templeton to show the officers violated his clearly established rights. *Cass v. City of Abilene*, 814 F.3d 721, 729, 732–33 (5th Cir. 2016).

A right is clearly established when it is defined "with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct." *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002). The court must determine "whether the violative nature of *particular* conduct is clearly established." *Al-Kidd*, 563 U.S. at 742 (emphasis added). So, although a plaintiff does not need to identify a case "directly on point" to meet this

burden, he must identify caselaw that "place[s] the statutory or constitutional question beyond debate." *Id.* at 741.

The district court determined Templeton did not meet this burden because Templeton failed to cite any caselaw that would show the officers violated his clearly established rights. Templeton initially cited only general caselaw that a person has a right to be free from excessive force during an arrest, then cited *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). Overcoming qualified immunity requires showing clearly established law supporting the plaintiff's claim, and that demands "that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018). Citing caselaw generally referring to the prohibition on officers' using excessive force does not suffice. *See Cass*, 814 F.3d at 732–33.

Templeton did a better job of briefing on his motion to alter judgment. There, he cited one of our opinions in which we held that a claim that handcuffs were applied too tightly, and the arrestee's pleas to loosen the handcuffs were ignored, could be a plausible claim of excessive force and survive a motion to dismiss. *Heitschmidt v. City of Houston,* 161 F.3d 834, 836, 839–40 (5th Cir. 1998). A factor in our holding was that police had secured the premises, leaving "no justification for requiring Heitschmidt to remain painfully restrained." *Id.* at 840.

The district court held it was too late to inject new caselaw, and even if it were not, the new precedent was insufficient to show clearly established law. The district court accepted that *Heitschmidt* was factually "somewhat similar" to events in the present case but held it was "not sufficient to overcome" other Fifth Circuit precedent that the use of handcuffs for some period of time even when they caused pain to a suspect was not excessive force.

In reviewing the district court's decision on this issue, we find it helpful to start by distinguishing a party's raising new issues for the first time on rehearing, or on appeal, or in a reply brief, and citing new authority in support of existing issues. For example, in order to preserve an argument for appeal, the argument (or issue) not only must have been presented in the district court, a litigant also "must press and not merely intimate the argument during proceedings before the district court." *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). In the present case, there is no doubt that the plaintiff presented and pressed the argument that the use of the handcuffs constituted excessive force. Indeed, that is the essence of this case. Yet, it was not until the effort to get the district court to reconsider the earlier judgment on the pleadings that a particularly on-point Fifth Circuit precedent was discovered. A new precedent is not a new argument; it is new support for an existing argument.

Among the explicit pronouncements that new authority may be cited on appeal is from the First Circuit: "Whether or not an issue is preserved in the trial court does not depend on what authorities the arguing party cites to that court." *Alston v. Town of Brookline*, 997 F.3d 23, 44 (1st Cir. 2021). The *Alston* court then cited approvingly two opinions from other circuits on which it relied. *Id.* (citing *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 773 n.20 (7th Cir. 2010) ("finding issue preserved because it was raised below and noting that 'litigant may cite new authority on appeal'") and *United States v. Rapone*, 131 F.3d 188, 196 (D.C. Cir. 1997) ("distinguishing between raising new issue and citing new authority on appeal")). Making an issue clear, or as the First Circuit stated the point in *Alston*, presenting the issue "face up and squarely in the trial court," is necessary. *Alston*, 997 F.3d at 44. Citing and analyzing the best discovered authority on the issue supports the presentation, but it is not the same thing as identifying the issue.

Some of our precedents have evaluated authority not cited in district court without suggesting a need to overcome some barrier to doing so. *See, e.g.*, *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 589–90 (5th Cir. 2018). Certainly, this court is not restricted to analyzing the issues properly presented only on the authorities cited by the parties. We also conclude that if the parties cite new, relevant authority on an issue already before the court, it may be considered.

Though holding that the citation of *Heitschmidt* had come too late, the district court analyzed what its impact on the case would be. As we summarized already, the court seemingly concluded that the case was something of an outlier. We agree that clearly established law in the Fifth Circuit is contrary to Templeton's claims. Tight handcuffing alone, even where a detainee sustains minor injuries, does not present an excessive force claim. *See, e.g.*, *Freeman*, 483 F.3d at 416–17; *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010). At least one point being made by the district court was that regardless of what a single precedent states, that opinion cannot clearly establish law if there is considerable contrary authority.

In *Glenn*, for example, the plaintiff alleged officers "handcuffed her so tightly that her right hand became swollen" and, like Templeton, she complained to the officers that the handcuffs were too tight. *Glenn*, 242 F.3d at 311. The Court determined that the handcuffing did not amount to excessive force because the plaintiff did not allege the officer acted maliciously and "handcuffing too tightly, without more, does not amount to excessive force." *Id.* at 314. In another precedent, the plaintiff alleged officers handcuffed her too tightly, "twisted her arms behind her back while handcuffing her[,] and jerked her all over the carport," which left bruises on her hands and arms that required medical treatment. *Freeman*, 483 F.3d at 410, 416–17 (quotation marks omitted). We relied on *Glenn* to conclude such

No. 21-50299

allegations did not amount to excessive force because the injuries were minor and incidental to the use of handcuffs during arrest. *Id.* at 416–17. In one additional precedent, we held that a plaintiff who alleged "he suffered acute contusions of the wrist" from handcuffing did not state an excessive force claim because he alleged no more than *de minimis* injury from the handcuffing and also did not allege the officers had any malice in handcuffing him. *Tarver v. City of Edna*, 410 F.3d 745, 751–52 (5th Cir. 2005) (quotation marks omitted).

Templeton alleges he experienced pain in his shoulder from tight handcuffing that occurred over a matter of minutes. This allegation is insufficient to raise an excessive force claim. Disagreeing at least with the implications of the district court's analysis of *Heitschmidt*, we conclude it is no outlier. Far differently than the brief handcuffing in the present case, Heitschmidt was painfully handcuffed for over four hours, prevented from using the bathroom, and suffered "serious and permanent" injury from the handcuffing. *Heitschmidt*, 161 F.3d at 836, 839–40. Those are not the allegations here. Facts matter in excessive force claims. Based on the alleged facts in the complaint, Templeton failed to state a claim that the officers violated his clearly established rights.

AFFIRMED.