# United States Court of Appeals for the Federal Circuit

————————————

**MILLER MENDEL, INC.,**
*Plaintiff-Appellant*

**v.**

**CITY OF ANNA, TEXAS,**
*Defendant-Cross-Appellant*

————————————

2022-1753, 2022-1999

————————————

Appeals from the United States District Court for the Eastern District of Texas in No. 2:21-cv-00445-JRG, Chief Judge J. Rodney Gilstrap.

————————————

Decided:  July 18, 2024

————————————

KURT M. RYLANDER, Rylander & Associates, PC, Vancouver, WA, argued for plaintiff-appellant.

EVAN W. TALLEY, Ryan Whaley, PLLC, OK, argued for defendant-cross-appellant.  Also represented by DOUGLAS SOROCCO, Dunlap Codding, PC, Oklahoma City, OK.

————————————

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

Miller Mendel, Inc. ("Miller Mendel") sued the City of Anna, Texas ("City") for infringement of certain patent claims relating to a software system for managing pre-employment background investigations. The United States District Court for the Eastern District of Texas granted City's motion for judgment on the pleadings, concluding that the asserted claims[1] do not claim patent-eligible subject matter under 35 U.S.C. § 101. *Miller Mendel, Inc. v. City of Anna*, 598 F. Supp. 3d 486, 499 (E.D. Tex. 2022) ("*Rule 12(c) Decision*"). The district court also denied City's motion for attorneys' fees. *Miller Mendel, Inc. v. City of Anna*, No. 2:21-CV-00445-JRG, 2022 WL 2704790 (E.D. Tex. June 13, 2022) ("*Attorneys' Fees Order*"). For the reasons below, we affirm.

## I.  BACKGROUND

On December 2, 2021, Miller Mendel sued City, alleging that the City police department's use of the Guardian Alliance Technologies ("GAT") software platform infringes "at least Claims 1, 5, and 15" of U.S. Patent No. 10,043,188. *Rule 12(c) Decision* at 488; J.A. 468–69 ¶ 12 (Amended Complaint). The '188 patent is directed to a "software system for managing the process of performing pre-employment background investigations." '188 patent col. 3 l. 66 to col. 4 l. 2. Miller Mendel and City agree that claim 1 of the '188 patent is representative of all asserted claims, *Rule 12(c) Decision* at 489 n.2, and it recites:

> 1. A method for a computing device with a processor and a system memory to assist an investigator in conducting a background investigation of an

---

1     The asserted claims are claims 1, 5, and 15 of U.S. Patent No. 10,043,188. *See, e.g.*, *Miller Mendel, Inc. v. City of Anna*, No. 2:21-CV-00445-JRG, 2022 WL 2700334, at *1–3 (E.D. Tex. June 9, 2022) ("*Reconsideration Order*").

applicant for a position within a first organization, comprising the steps of:

receiving a first set of program data comprising information identifying the applicant, the position, the first organization, and the investigator;

storing a new applicant entry in the system memory, the new applicant entry associated with the first set of program data;

transmitting an applicant hyperlink to an applicant email address associated with the applicant, the applicant hyperlink for viewing an applicant set of electronic documents;

receiving an applicant electronic response with a reference set of program data, wherein the reference set of program data comprises information regarding a reference source, wherein the reference source is a person, the program data including a reference email address associated with the reference source;

determining a reference class of the reference source based on the reference set of program data;

selecting a reference set of electronic documents based on the reference class of the reference source;

transmitting a reference hyperlink to the reference email address, the reference hyperlink for viewing the reference set of electronic documents;

> receiving a reference electronic response to the reference set of electronic documents from the reference source;
>
> storing the reference electronic response in the system memory, associating the reference electronic response with the new applicant entry; and
>
> generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address.

'188 patent col. 15 l. 52 to col. 16 l. 19.

On February 15, 2022, City moved for judgment on the pleadings, alleging that the claims of the '188 patent are ineligible for patent protection under 35 U.S.C. § 101. *Rule 12(c) Decision* at 488; J.A. 136; *see also* J.A. 127–60 (Rule 12(c) motion opening brief). The district court granted City's Rule 12(c) motion, dismissing the case with prejudice. *Rule 12(c) Decision* at 499. The district court also rejected Miller Mendel's argument that City's motion went beyond the pleadings allowed under Rule 12(c). *Id.* at 497 n.4.

Miller Mendel filed a motion for reconsideration, arguing that the district court lacked subject matter jurisdiction over unasserted patent claims and thus could not invalidate all claims of the '188 patent. On June 9, 2022, the district court denied Miller Mendel's motion for reconsideration. *Reconsideration Order* at *2; *see* J.A. 753–56. However, the district court clarified that its Rule 12(c) decision only invalidated claims 1, 5, and 15, rather than invalidating all claims of the '188 patent. *Reconsideration Order* at *1–3.

City also filed a motion for attorneys' fees pursuant to 35 U.S.C. § 285. *Attorneys' Fees Order* at *1–2; *see also* J.A. 796, 799–800. On June 13, 2022, the district court denied

City's motion for attorneys' fees, finding that the case was not exceptional. *Attorneys' Fees Order* at \*6.

Miller Mendel appealed and City cross-appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.  STANDARD OF REVIEW

We review procedural aspects of the grant of judgment on the pleadings based on the law of the regional circuit. *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1336 (Fed. Cir. 2017). Under Fifth Circuit law, we review a judgment on the pleadings de novo. *See Templeton v. Jarmillo*, 28 F.4th 618, 620 (5th Cir. 2022). "The standard for dismissing a complaint under Rule 12(c) is the same as a dismissal for failure to state a claim under [Rule] 12(b)(6)." *Id.* at 621. "The standard requires the complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"We review the district court's ultimate patent-eligibility conclusion de novo." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021). "Patent eligibility is a question of law that may involve underlying questions of fact." *Id.* at 1314 (citation omitted). The inquiry on patent eligibility "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *Id.* (citation omitted).

"We review all aspects of a district court's § 285 determination for an abuse of discretion, including its exceptional case determination." *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (cleaned up). "An abuse of discretion occurs when, inter alia, the district court 'bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Highmark*

*Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014)).

## III. DISCUSSION

Miller Mendel appeals the district court's grant of City's Rule 12(c) motion, arguing that (1) the district court did not follow the requirements of Federal Rule of Civil Procedure 12(d), Appellant's Br. 14; *see also id.* at 15–19; and (2) the district court erred in finding the asserted claims of the '188 patent invalid for lack of patentable subject matter. *Id.* at 19–20; *see also id.* at 21–41. City cross-appeals (1) the district court's decision that its invalidity findings pertained only to claims 1, 5, and 15, Cross-Appellant's Principal & Resp. Br. 42–44; *see also id.* at 45–50; and (2) the district court's finding that the case was not exceptional in denying City's attorneys' fees motion. *Id.* at 50–51; *see also id.* at 52–68. We address each argument in turn.

### A.

As an initial matter, Miller Mendel argues that the district court erred by relying on and citing parts of City's Rule 12(c) motion, which in turn relied on a declaration that was not part of the pleadings. *See* Appellant's Br. 14–16; *see also id.* at 17–19. We are not persuaded that the district court's analysis requires reversal.

In considering a Rule 12(c) motion, "the court is generally limited to the contents of the pleadings, including attachments thereto." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (cleaned up). "The 'pleadings' include the complaint, answer to the complaint, and 'if the court orders one, a reply to an answer.'" *Id.* (quoting Fed. R. Civ. P. 7(a)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Although the declaration here is outside the pleadings, the district court explained that the declaration was not relevant to its analysis because it neither relied on it for its § 101 analysis nor would it have altered its conclusions. Specifically, the district court only referred to the section of City's brief that cited a declaration attached to the Rule 12(c) motion in summarizing the parties' arguments. *Rule 12(c) Decision* at 496–97 (citing J.A. 157–59). In its patent eligibility analysis, the district court did not rely on any materials outside of the pleadings or sections of City's brief discussing materials outside of the pleadings. *Id.* at 498–99; *see also Reconsideration Order* at *5 ("The Court did not rely on evidence outside of the '188 Patent to find that it was directed to an abstract idea because the language intrinsic to the '188 Patent itself demands such a conclusion.").

Moreover, even if the district court erred by not explicitly excluding the declaration, any such error is harmless because the district court also explained that it would have "reach[ed] the same conclusions and result, both when it does and when it does not consider the declarations or exhibits attached to the City's motion." *Rule 12(c) Decision* at 497 n.4. The Fifth Circuit has held that error in considering evidence outside of the pleadings is harmless when "[a]ccepting the facts as pled, all claims still fail." *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017) (quoting *Wood v. Collier*, 836 F.3d 534, 542 (5th Cir. 2016)); *see also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1364 (3d ed. 2022) (noting failure to convert Rule 12(c) motions under circumstances indicated in Rule 12(d) can be treated as a harmless error "if the dismissal can be justified without reference to any extraneous matters"); *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1360–61 (Fed. Cir. 2023) (applying Sixth Circuit law and finding harmless error in failing to convert a motion to dismiss into a motion for summary judgment because the dismissal can be justified without reference to any matters

outside the pleadings).  Accordingly, we reject Miller Mendel's argument on this issue.

B.

Miller Mendel argues that the district court erred in finding the '188 patent's asserted claims patent ineligible. Appellant's Br. 19; *see also id.* at 20–41.  We disagree.

i.

At *Alice/Mayo* step one, we "determine whether the claims at issue are directed to one of those patent-ineligible concepts," such as an abstract idea.  *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).  The asserted claims of the '188 patent are directed to the abstract idea of performing a background check.

To determine whether a claim is "directed to" a patent ineligible concept, "we look to whether the claims 'focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery.'"  *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1368 (Fed. Cir. 2020) (quoting *McRO, Inc. v. Bandai Namco Games Am., Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016)).  For software-based inventions, *Alice/Mayo* step one "often turns on whether the claims focus on the specific asserted improvement in computer capabilities or, instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool."  *In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022) (cleaned up).

Here, the claim language shows that the claimed invention is directed to the abstract idea of performing a background check.  Representative claim 1 recites a "method for a computing device with a processor and a system memory *to assist an investigator in conducting a background investigatio*n of an applicant for a position within a first organization."  '188 patent col. 15 ll. 52–55 (emphasis

added). The claim also recites several steps that the computer system performs to assist the investigator with conducting a background investigation. *Id.* col. 15 l. 56 to col. 16 l. 19. These steps demonstrate that the claims are directed to receiving, storing, transmitting, determining, selecting, and generating information, which place them in the "familiar class of claims directed to a patent-ineligible concept." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362 (Fed. Cir. 2023) (cleaned up) (finding "collecting information, analyzing it, and displaying certain results" abstract); *see also Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178, 1182 (Fed. Cir. 2020) (finding "gathering, storing, and transmitting information" abstract).

The patent specification confirms that the asserted claims are directed to an abstract idea. The '188 patent states that the problem addressed by the invention is "to help a background investigator more efficiently and effectively conduct a background investigation." '188 patent col. 1 ll. 38–40. It refers to the subject matter of the invention as "a web based software system for managing the process of performing pre-employment background investigations." *Id.* col. 3 l. 67 to col. 4 l. 2; *see also id.* Abstract. The specification characterizes the steps performed by the system as "automat[ing] the majority of the tasks of a common pre-employment background investigation so that fewer hardcopy documents are necessary, thus creating more efficient management of individual background investigations." *Id.* col. 4. ll. 12–16. In short, the problem facing the inventor was the abstract idea of performing background investigations more efficiently and effectively, not an improvement to computer technology. *See, e.g., Trinity*, 72 F.4th at 1363 (explaining that the specification's discussion of "the problem facing the inventor" was how to perform an abstract idea, rather than an improvement to computer technology); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 768 (Fed. Cir. 2019) ("[L]ooking at the problem identified in the

10          MILLER MENDEL, INC. v. CITY OF ANNA, TEXAS

patent, as well as the way the patent describes the invention, the specification suggests that the invention of the patent is nothing more than the abstract idea of communication over a network for interacting with a device, applied to the context of electric vehicle charging stations.").

Miller Mendel argues that the method of claim 1 cannot be directed to an abstract idea because certain limitations, such as the transmitting hyperlinks via email steps and generating a suggested reference list steps, cannot be done in the mind or by pen and paper. *See* Appellant's Br. 27–30. We are not persuaded that claim 1 cannot be directed to an abstract idea even if certain steps cannot be completed in the mind or by pen and paper. "[T]he inability for the human mind to perform each claim step does not alone confer patentability." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1098 (Fed. Cir. 2016). Moreover, requiring the use of a computer alone does not change the focus of a claim directed towards an abstract idea into one directed towards "a specific improvement to computer functionality." *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

Miller Mendel relies on *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337–38 (Fed. Cir. 2016), arguing that the district court overlooked clear improvements offered by the asserted claims. Appellant's Br. 29–30. This argument is also unpersuasive. In *Enfish*, the claims were directed to "a specific type of data structure designed to improve the way a computer stores and retrieves data in memory." 822 F.3d at 1339. Because the asserted claims of the '188 patent are not directed to an improvement in computer technology, *Enfish* is distinguishable. In sum, at *Alice/Mayo* step one, the asserted claims are directed to an abstract idea.

ii.

At *Alice/Mayo* step two, we find the asserted claims do not contain additional elements that "transform the nature of the claim into a patent-eligible application." *Alice*, 573 U.S. at 217 (internal quotation marks omitted). "[W]e undertake 'a search for an inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.'" *PersonalWeb*, 8 F.4th at 1318 (quoting *Alice*, 573 U.S. at 217–18). Here, when viewing the limitations of representative claim 1 individually or as an ordered combination, the limitations "merely recite well-understood, routine, conventional activities, either by requiring conventional computer activities or routine data-gathering steps." *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) (cleaned up).

Claim 1 recites well-understood, routine, and conventional computer components. Claim 1 recites a method performed by a "computing device with a processor and a system memory." '188 patent col. 15 l. 52–53. None of the limitations recited in the claim "requires anything other than conventional computer and network components operating according to their ordinary function." *Two-Way Media*, 874 F.3d at 1339; '188 patent col. 15 l. 52 to col. 16 l. 19. Nor is the ordered combination of these steps inventive. For example, the patent specification explains that "it should be appreciated that these steps may be performed *in any random order* and the process 800 *is not defined by this particular illustrative order*." '188 patent col. 14 ll. 21–24 (emphases added). Considered individually or as an ordered combination, the claim limitations fail to transform the claimed abstract idea into a patent-eligible application.

The lack of inventive concept is further confirmed by other parts of the specification, which describe no more

than "already available computers" performing "already available basic functions." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1169–70 (Fed. Cir. 2018); *see, e.g.*, *Trinity*, 72 F.4th at 1367 (analyzing patent specification under *Alice/Mayo* step two). The '188 patent's use of generic computer components, such as a "computing device," "processors," "system memory," and "computer storage media," confirms that these components do not provide an inventive concept. '188 patent col. 12 ll. 46–50, col. 13 ll. 40–41; *see Trinity*, 72 F.4th at 1367. For example, the specification teaches one embodiment with "a very basic configuration 701, [where] computing device 700 typically includes one or more processors 710 and system memory 720." '188 patent col. 12 ll. 46–48. The specification further states that "the system memory 720 can be of *any type*" and that "*[a]ny such computer storage media* can be part of device 700." *Id.* col. 12. ll. 64–65, col. 13 ll. 40–41 (emphases added).

Miller Mendel argues that there is no evidence in the record that the additional elements of "transmitting an applicant hyperlink to an applicant e-mail address" and "generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address" were well-understood, routine, and conventional in the industry. Appellant's Br. 33–36. We disagree. Indeed, the specification itself describes the invention as "automat[ing] the majority of the tasks of a common pre-employment background investigation," thereby acknowledging that such tasks were routine prior to the date of the invention. '188 patent col. 4 ll. 12–16; *see id.* col. 1 ll. 38–40; *id.* Abstract.

Lastly, Miller Mendel faults the district court for not allowing factual development for Miller Mendel to present contrary evidence. Appellant's Br. 36, *see also id.* at 40. But Miller Mendel fails to identify any specific facts that would change our analysis. *See* Appellant's Br. 36.

Therefore, judgment on the pleadings is appropriate. *See Trinity*, 72 F.4th at 1361.

C.

On cross-appeal, City argues that the district court erred by clarifying in its Reconsideration Order that its invalidity findings pertained only to claims 1, 5, and 15. Cross-Appellant's Principal & Resp. Br. 42–44; *see also id.* at 45–50. City urges us to find claim 9 directed to patent ineligible subject matter as well, or otherwise remand to the district court to make such a finding. *Id.* at 50. We decline to do so.

At the outset, the parties dispute the standard of review. *See* Cross-Appellant's Principal & Resp. Br. 42; Appellant's Resp. & Reply Br. 28–29. The crux of the issue is whether claims other than claims 1, 5, and 15 of the '188 patent are at dispute in this litigation—i.e., whether a case or controversy existed regarding these other claims. Therefore, we find this issue regarding our jurisdiction to be subject to de novo review under Federal Circuit law. *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Laby's, Inc.*, 933 F.3d 1367, 1372 (Fed. Cir. 2019) ("We review de novo whether a case or controversy existed . . . and apply Federal Circuit law.") (citations omitted).

The district court did not have jurisdiction over claims 2–4 and 6–14 of the '188 patent. *See, e.g.*, *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012) ("In patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis.") (cleaned up). Our decisions in *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269 (Fed. Cir. 2012) and *Fox* are illustrative. In *Streck*, we held that the district court did not have jurisdiction over patentee's unasserted claims even though the patentee's complaint alleged infringement of "one or more claims" of the patents-in-suit. 665 F.3d at 1284. We explained that the patentee had "narrowed the scope of claims at issue" by serving preliminary infringement

contentions, further narrowed the asserted claims to only nine claims, and that "the parties knew precisely which claims were at issue well before the court ruled on the parties' summary judgment motions or conducted trial." *Id.* Similarly, in *Fox*, the patentee's complaint "alleged infringement of 'one or more claims,' but [the patentee] subsequently narrowed the scope of its asserted claims before the court ruled on the parties' summary judgment motions." 700 F.3d at 1308. Therefore, we found no jurisdiction over the unasserted claims. *Id.*

The facts here are analogous. On February 22, 2022, Miller Mendel amended its complaint to assert that the Guardian Platform "infringes one or more claims of the '188 patent, including at least Claims 1, 5, and 15," J.A. 468 ¶ 12. On March 1, 2022, Miller Mendel subsequently narrowed the asserted claims to claims 1, 5, and 15 in its response to City's Rule 12(c) motion. J.A. 486. By March 2, 2022, Miller Mendel again confirmed in its infringement contentions that it asserted only claims 1, 5, and 15. J.A. 771–72; *see also* J.A. 754. The district court's decision granting City's Rule 12(c) motion issued on April 14, 2022. *Rule 12(c) Decision* at 488, 499. Because Miller Mendel narrowed the scope of claims at issue to claims 1, 5, and 15 and both parties knew which claims were at issue before the court ruled on the motion for judgment on the pleadings, the district court had no jurisdiction over the unasserted claims in the '188 patent. *Streck*, 665 F.3d at 1284; *see Fox*, 700 F.3d at 1308; *Reconsideration Order* at *2–3.

City argues that Miller Mendel should have provided some indication of the withdrawal of claims to City prior to City's Rule 12(c) motion. Cross-Appellant's Principal & Resp. Br. 48. But City does not explain why Miller Mendel should have provided notice before the filing date of the motion for judgment on the pleadings. Like in *Streck*, withdrawal of claims occurred here before the district court ruled on the dispositive Rule 12(c) motion. *See Streck*, 665 F.3d at 1284; *Fox*, 700 F.3d at 1308.

City also argues that Miller Mendel's infringement contentions did not clearly and unambiguously narrow the scope of the claims being asserted, citing *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 698 F.3d 1374, 1382 (Fed. Cir. 2012). Cross-Appellant's Principal & Resp. Br. 47; Cross-Appellant's Reply Br. 7. But in *Voter Verified*, the alleged infringers "kept any 'unasserted' claims before the district court by maintaining their respective counterclaims that alleged invalidity of '[e]ach claim of the [asserted patent].'" 698 F.3d at 1382 (first alteration in original). Here, City never even asserted a counterclaim of invalidity. *See* J.A. 505–28. Thus, *Voter Verified* is inapposite.

Accordingly, the district court did not err in holding that its § 101 invalidity decision only applies to claims 1, 5, and 15.

## D.

City challenges the district court's denial of its attorneys' fees motion under § 285. *See* Cross-Appellant's Principal & Resp. Br. 50; *see also id.* at 51–68. We also are not persuaded that the district court abused its discretion in denying this motion.

City argues that the district court erred as a matter of law by giving weight to the absence of litigation misconduct. *See* Cross-Appellant's Principal & Resp. Br. 52. The district court mentioned the absence of litigation misconduct in its "Legal Standard" section but did not rely on the absence of misconduct in its "Analysis" section. *Compare Attorneys' Fees Order* at *2, *with id.* at *6. While a court may award attorneys' fees to the prevailing party in an exceptional case, a case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021) (citation

omitted); *see also* 35 U.S.C. § 285. *Energy Heating* supports the proposition that the district court was not *required* to affirmatively weigh the absence of litigation misconduct. 15 F.4th at 1383–84.

City also contends that the district court should have given more weight to Miller Mendel's "exceptionally weak" invalidity position. *See* Cross-Appellant's Principal & Resp. Br. 55; *see id.* at 56–61. We disagree. Under the specific facts of this case, the district court acted within its discretion in finding that "Miller Mendel was entitled to believe that the '188 Patent was valid after it was examined and allowed by the USPTO" and thereafter exercise its patent rights. *Attorneys' Fees Order* at *6. The district court also reasonably found that although Miller Mendel's opposition to City's Rule 12(c) motion "was not compelling . . . , it did not rise to the level of unreasonable or vexatious." *Attorneys' Fees Order* at *6.

Lastly, City argues that the district court abused its discretion in finding the case not exceptional in light of Miller Mendel's unreasonable litigation conduct, including filing lawsuits to "unduly pressure existing and potential customers" of the allegedly infringing software GAT and "misrepresent[ing] the status and events in the various litigations to the industry." Cross-Appellant's Principal & Resp. Br. 61–62, 66; *see also id.* at 63–65, 67–68. We again disagree. Regarding undue pressure, the district court did not abuse its discretion by concluding that a case was not exceptional when Miller Mendel asserted its patent rights against other alleged infringers. *See Attorneys' Fees Order* at *6; *see Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017) ("Enforcement of [a patent] right is not an 'exceptional case' under the patent law."). Regarding alleged misrepresentations, the district court did not abuse its discretion in rejecting this argument and concluding that the grant of City's § 101 motion "does not open the door to an award of fees outside the case at hand before this [c]ourt." *Attorneys' Fees Order* at *6.

Considering the totality of the circumstances, we do not find the district court abused its discretion in finding the case not exceptional.

## IV. CONCLUSION

We have considered both parties' remaining arguments and find them unpersuasive. For the reasons discussed above, we affirm the district court's judgment and the district court's denial of attorneys' fees.

### AFFIRMED

### COSTS

No costs.